UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NORA LUCILLE BICKETT, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE TRUSTEES OF INDIANA ) <br> UNIVERSITY, ) <br> ) <br> Defendant. ) | Case No. 1:23-cv-00604 |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Nora Lucille Bickett ("Bickett"), by counsel, for her cause of action against Defendant, The Trustees of Indiana University ("Indiana University"), alleges and says:

### JURISDICTION AND VENUE

1. Bickett brings this action to recover from Indiana University damages, fees and costs recoverable under the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA"), for willful interference, discrimination and/or retaliation.

2. This court has original jurisdiction over Bickett's FMLA action against Indiana University under 28 U.S.C. § 1331 and 29 U.S.C. § 2617(a)(2).

3. Venue in this court is proper because all of the unlawful acts and omissions giving rise to Bickett's claim against Indiana University occurred in Marion County, Indiana, within the Southern District of Indiana, Indianapolis Division.

### STATEMENT OF FACTS

4. At all times relevant, since 2013, Bickett has been employed by Indiana University at the School of Dentistry in Indianapolis.

5. From January 20, 2020 to and including April 15, 2020, Bickett was on an approved medical leave under the FMLA because of a serious health condition that made her unable to perform the functions of her position.

6. When the FMLA leave commenced, Bickett was working as the Administrative Director of Admissions and Student Affairs for the School of Dentistry, reporting to Senior Associate Dean for the Office of Academic Programs, Dr. Paul C. Edwards.

7. Immediately upon her return to work on April 16, 2020, Bickett discovered she had been unceremoniously demoted to the position of Education and Student Data Reporting Analyst by Dr. Edwards.

8. But for Bickett taking the FMLA leave, Dr. Edwards had no cause to demote Bickett in April 2020, or otherwise to alter the terms and conditions of her employment.

9. By moving Bickett down to the less desirable analyst position, Dr. Edwards stripped her of the "Director" title and support staff, removed her from the promotion track, and isolated her from coworkers and students to perform limited data entry and analysis duties disproportionate to her education, training, skill and experience.

10. Dr. Edwards intentionally excluded Bickett from job-related meetings and communications, failed to define and clarify her new responsibilities, which had shifted emphasis from students to finances, failed to consider her for promotion, refused to grant her an interview for an open position, and approved or recommended her only for a 1.5% COLA increase while others in the department were given pay increases of 7%-13%.

11. Dr. Edwards' unlawful acts and omissions on behalf of Indiana University caused Bickett to suffer actual damages, loss of status, embarrassment and humiliation, mental anguish

and depression, and effectively brought the advancement of her career at Indiana University to a premature end.

## STATEMENT OF CLAIMS

12. At all times relevant, Indiana University was a covered employer under the FMLA, 29 U.S.C. § 2611(4)(A).

13. At all times relevant, Bickett was an eligible employee on an approved FMLA leave for a serious health condition under 29 U.S.C. § 2611(2)(A) and § 2612(a)(1)(D).

14. Upon Bickett's return to work, Indiana University was required, but failed without cause, to restore Bickett to the same or equivalent position she held when the FMLA leave commenced with the same or equivalent benefits, pay and other terms and conditions of employment, in violation of 29 U.S.C. § 2614(a).

15. Indiana University violated the FMLA, 29 U.S.C. § 2615(a), and harmed Bickett by willfully interfering with Bickett's exercise of her substantive rights under the statute and by willfully discriminating and/or retaliating against Bickett for exercising those rights.

16. Indiana University did not act in good faith and had no reasonable grounds for believing it was not violating the FMLA and Bickett's clearly established rights thereunder.

17. As a direct and proximate result of Indiana University's unlawful conduct, Bickett is entitled to an award of actual damages from Indiana University in an amount to be determined under 29 U.S.C. § 2617(a)(1)(A)(i), plus interest on that amount under 29 U.S.C. § 2617(a)(1)(A)(ii), and an additional equal amount as liquidated damages under 29 U.S.C. § 2617(a)(1)(A)(iii).

18.   As a direct and proximate result of Indiana University's unlawful conduct, Bickett is entitled to appropriate equitable relief from Indiana University under 29 U.S.C. § 2617(a)(1)(B) including, but not limited to, employment, reinstatement and promotion.

19.   As a direct and proximate result of Indiana University's unlawful conduct, Bickett is entitled to an award of reasonable attorney's fees, reasonable expert witness fees, and other costs of the action to be paid by Indiana University under 29 U.S.C. § 2617(a)(3).

WHEREFORE, Bickett prays for judgment against Indiana University for all special, general, punitive and liquidated damages recoverable herein, plus equitable relief, interest, reasonable fees and costs, and for all other relief just and proper in the premises.

## DEMAND FOR JURY TRIAL

Bickett, by counsel, pursuant to Fed.R.Civ.P. 38(b) and S.D. Ind. L.R. 38-1, respectfully demands trial by jury on all issues triable by a jury.

Respectfully submitted,

/s/Clinton E. Blanck
Clinton E. Blanck, 19270-32
BLANCK LEGAL, P.C.
9245 North Meridian Street, Suite 301
Indianapolis, Indiana  46260
Office:  (317) 844-8372
Facsimile:  (317) 573-5564
E-mail:  cblanck@blancklegal.com
Attorney for Plaintiff