UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NORA LUCILLE BICKETT, <br><br> Plaintiff, <br><br> v. <br><br> THE TRUSTEES OF INDIANA UNIVERSITY, <br><br> Defendant. | ) <br> ) <br> ) <br> ) Case No. 1:23-cv-00604-TWP-MKK <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**CASE MANAGEMENT PLAN**

I.  **Parties and Representatives**

   A.   Plaintiff:   Nora Lucille Bickett

        Defendant:   The Trustees of Indiana University

   B.   Counsel for Plaintiff:   Clinton E. Blanck
                                 Blanck Legal, P.C.
                                 9425 North Meridian Street, Suite 301
                                 Indianapolis, IN 46260
                                 Telephone: (317) 844-8372
                                 Facsimile: (317) 573-5564
                                 Email: cblanck@blancklegal.com

        Counsel for Defendant:   Jackie S. Gessner
                                 Tessa A. Steffens
                                 Gutwein Law
                                 300 North Meridian Street, Suite 1650
                                 Indianapolis, IN 46204
                                 Telephone: (317) 777-7920
                                 Facsimile: (765) 423-7901
                                 Email: jackie.gessner@gutweinlaw.com
                                        tessa.steffens@gutweinlaw.com

   Counsel shall promptly file a notice with the Clerk if there is any change in this information.

**II.** **Jurisdiction and Statement of Claims**

    A.    This court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2617(a)(2) in that the Plaintiff purports to allege violations of and seek remedies in her complaint under the federal statute pertaining to the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq*.

    B.    **Plaintiff's Statement of Claims:** Plaintiff claims that, upon her return to work from an approved FMLA leave, Defendant willfully failed to return her to the same or equivalent position she held when the FMLA leave commenced. Defendant substantially changed the terms and conditions of Plaintiff's employment to her detriment, damage and loss in violation of the FMLA.

    C.    **Defendant's Statement of Claims**: Plaintiff began employment with Defendant in a full-time position on or about April 1, 2013, working in the School of Dentistry in Indianapolis, Indiana. From January 20, 2020, to and including April 15, 2020, Plaintiff was on approved FMLA leave of absence for her own medical condition. Prior to the commencement of the leave, Defendant had been engaging in a departmental review and reorganization resulting in several changes to job positions within Plaintiff's department, including that of Plaintiff. Plaintiff's job position after the reorganization was at the same level and rate of pay. Defendant denies that it is liable to Plaintiff in connection with any of her claims and denies that Plaintiff is entitled to any of the damages she seeks. Plaintiff remained employed by Defendant and received all FMLA benefits to which she was entitled. Defendant denies that it willfully interfered with Plaintiff's FMLA rights or willfully discriminated or retaliated against Plaintiff for exercising her FMLA rights.

**III.** **Pretrial Pleadings and Disclosures**

    A.    The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before August 7, 2023.

    B.    Plaintiff shall file preliminary witness and exhibit lists on or before August 14, 2023.

    C.    Defendant shall file preliminary witness and exhibit lists on or before August 21, 2023.

    D.    All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before September 6, 2023.

    E.    Plaintiff shall serve Defendant (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before September 6, 2023. Defendant shall serve on the Plaintiff (but not file with the Court) a response thereto within 30 days after receipt of the proposal. The parties shall submit (not file) courtesy copies of their respective demand and response at the time of service via email to mjklump@insd.uscourts.gov. There is no need to follow the email with a hard copy.

F. Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before April 5, 2024. Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before May 6, 2024; or if Plaintiff has disclosed no experts, Defendant(s) shall make its expert disclosure on or before May 6, 2024.

G. Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline. If such expert disclosures are served, the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before October 4, 2024. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I. All parties shall file and serve their final witness and exhibit lists on or before June 6, 2024. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

J. Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K. Discovery of electronically stored information ("ESI"). At this time, neither party believes that a substantial volume of ESI will be produced in this case.

   1. Format of Production of ESI: The parties agree to produce hard copies, or produce documents in .pdf format, of all electronic data when available, absent any privileges or objections which would preclude or protect such data from being disclosed. In the event that producing a document in .pdf format will hinder its readability (such as large excel spreadsheets), the producing party shall produce such document in its native format to the extent the native format is available. Metadata will initially not be produced, but the requesting party reserves the right to request that metadata be provided should it deem it relevant and appropriate. The parties reserve the right to withhold any discovery

      documents/data based on a known privilege or objection. If the receiving party determines, in good faith, that disclosure of a document in a printed format does not adequately allow the party to review the document, the receiving party may request that an electronic, native copy, including meta data as appropriate, be provided to it, and the producing party may object to such a production. Any extraordinary costs for duplication shall be allocated to the requesting party.

2. <u>Additional Issues</u>:  Defendant may seek an agreed protective order if Plaintiff requests discovery of documents, including ESI, pertaining to present or former employees who are not parties to this action. Aside from this, at this time, the parties do not know of any electronic discovery issues that may arise in this matter. However, if additional issues arise not governed by this Plan, the parties agree to work in good faith to resolve the matter before bringing the issue to the Court's attention.

3. <u>Unintentional Disclosure of Privileged Documents</u>:  In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

## IV.    <u>Discovery[1] and Dispositive Motions</u>

      Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (specifically including motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue. To this end, counsel must select the track set forth below that they believe best suits this case. If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP

---

[1] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate. If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

A. Does any party believe that this case may be appropriate for summary judgment or other dispositive motion?

<u>Yes</u>. Subject to a reasonable opportunity for discovery, Defendant anticipates filing a motion for summary judgment on the grounds that there is no genuine issue of material fact and that Plaintiff cannot satisfy her burden of proving that Defendant violated the FMLA. Any actions taken with respect to Plaintiff were for legitimate, non-discriminatory and non-retaliatory reasons entirely unrelated to Plaintiff's alleged protected status or alleged protected activity. Defendant has also asserted various defenses upon which some or all of Plaintiff's claims (and/or all or part of her request for damages) could be disposed of via summary judgment.

B. On or before May 13, 2024, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C. Select the track that best suits this case:

_____

   <u>  X   </u>  Track 2: Dispositive motions are expected and shall be filed by April 30, 2024; non-expert witness discovery and discovery relating to liability issues shall be completed by February 6, 2024; all remaining discovery shall be completed by July 5, 2024.

<u>Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

V. **Pre-Trial/Settlement Conferences**

**The parties recommend a settlement conference within 30 to 60 days prior to the close of discovery.**

VI. **Trial Date**

The parties request a trial date in February 2025. The trial is by jury and is anticipated to take 3 to 4 days.

VII. **Referral to Magistrate Judge**

    A. **Case**. At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

    B. **Motions**. The parties do not consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand.

VIII. **Required Pre-Trial Preparation**

    A. **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

        1. File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

        2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

        3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

        4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

            a. brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

            b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers,

                that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

        5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

        6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

        1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

        2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

        3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

        4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX. Other Matters

There are no other matters at this time.

| | |
|---|---|
| /s/Clinton E. Blanck | /s/ Tessa. A. Steffens |
| Clinton E. Blanck | Jackie S. Gessner |
| Blanck Legal | Tessa A. Steffens |
| 9425 North Meridian Street, Suite 301 | Gutwein Law |
| Indianapolis, IN 46260 | 300 North Meridian Street, Suite 1650 |
| Telephone: (317) 844-8372 | Indianapolis, IN 46204 |
| Facsimile: (317) 573-5564 | Telephone: (317) 777-7920 |
| Email: cblanck@blancklegal.com | Facsimile: (765) 423-7901 |
| | Email: jackie.gessner@gutweinlaw.com |
| | tessa.steffens@gutweinlaw.com |
| **ATTORNEY FOR PLAINTIFF** | **ATTORNEYS FOR DEFENDANT** |

`*************************************************************************`

| | |
|---|---|
| X | PARTIES APPEARED IN PERSON/BY COUNSEL ON __6/30/2023__ FOR A PRETRIAL/STATUS CONFERENCE. |
| | APPROVED AS SUBMITTED. |
| X | APPROVED AS AMENDED. |
| X | A TELEPHONIC STATUS CONFERENCE IS SET IN THIS CASE FOR __8/1/2023 @ 11:00 AM__ . The information needed by counsel to participate in this conference will be provided by a separate notification. |
| | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____ .M. COUNSEL SHALL APPEAR: <br><br> _____ IN PERSON IN ROOM _____; OR <br><br> _____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (____) _____; OR <br><br> _____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (____) _____; |
| X | NON-EXPERT WITNESS AND LIABILITY DISCOVERY SHALL BE COMPLETED BY __2/6/2024__ |
| X | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN __4/30/2024__ |

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**

Date: 7/6/2023

M. Kendra Klump
United States Magistrate Judge
Southern District of Indiana

Distribution:

all ECF-registered counsel of record via email generated by the court's ECF system